IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENNIFER LYNN CALHOUN,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 24-CV-5668** |
| | : | |
| **LEGAL TEAM/INTAKE,** *et al.*, | : | |
| Defendants. | : | |

MEMORANDUM

**MARSTON, J.**                                                                                                                November 29, 2024

*Pro se* Plaintiff Jennifer Lynn Calhoun alleges her civil rights were violated because she was denied legal representation. Calhoun now seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Calhoun's application for leave to proceed *in forma pauperis* and dismiss the Complaint.

I.  **FACTUAL ALLEGATIONS**

On October 23, 2024, Calhoun sued the Community Legal Services ("CLS") "Legal Team" and Zach Davidson, a paralegal at CLS. (*See* Doc No. 2 at 2–3.) She invokes the Court's federal question jurisdiction, asserting that her civil rights have been threatened because of "fraudulent statements made to put [her] in harms way," the "corruption of [her] case," and "denial of representation." (*Id.* at 3.) Calhoun avers that on September 17, 2024, she attended an intake session with Davidson at CLS to secure representation for an eviction hearing on September 20, 2024. (*Id.* at 4.) She allegedly followed Davidson's instructions "to file a continuance which was granted." (*Id.*) She also filed for victim's compensation. (*Id.*) Calhoun later reached out to Davidson by phone and email, but Davidson allegedly changed his attitude and was patronizing towards her. (*Id.*) As a result, Calhoun alleges that she is suffering from an

emotional crisis and a lack of safety due to the impending loss of her home. (*Id.* at 5.) She seeks victim compensation and monetary damages in the amount $5,700 payable to her landlord to prevent the eviction from occurring. (*Id.*) She also seeks legal representation to prevent the loss of her home. (*Id.*)

## II.  STANDARD OF REVIEW

The Court will grant Calhoun leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. 28 U.S.C. § 1915(e)(2)(B) thus applies, and it requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim. To evaluate whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts use the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). So, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [ ] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Calhoun is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, an unrepresented litigant "'cannot flout procedural rules —

they must abide by the same rules that apply to all other litigants.'" *Vogt,* 8 F.4th at 185. Plus, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte").

## III.   DISCUSSION

### A. Federal Claims

Section 1983, the vehicle by which federal constitutional claims may be brought in federal court, "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotations omitted). To the extent that Calhoun asserts claims pursuant to § 1983, she "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."[1] *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

---

[1] Whether a defendant is acting under color of state law—*i.e.*, whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Calhoun seeks to present constitutional claims against Zach Davidson and the "Legal Team" at CLS, for their actions taken when she attended an intake session to obtain legal representation for an eviction hearing. (*See* Doc. No. 2. at 2–5.) Calhoun's constitutional claims fail because none of the Defendants are alleged to be state actors. Courts have consistently held that law firms and legal aid societies are not state actors for purposes of § 1983. *See Coulter v. Allegheny Cnty. Bar Ass'n*, 496 F. App'x 167, 169 (3d Cir. 2012) (concluding that none of the defendants named, including an attorney, his law firm, the Pennsylvania Bar Association, the Allegheny County Bar Association or its three individual members, were state actors for purposes of Section 1983); *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) ("[A] legal aid society ordinarily is not a state actor amenable to suit under § 1983."); *Manko v. Steinhardt*, No. 11-5430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) ("[P]rivate attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law."); *Butts v. Phillips*, No. 92-0500, 1992 WL 49678, at *1 (E.D. Pa. Mar. 10, 1992) (dismissing claims against Community Legal Services because "[a]ttorneys do not act under color of state law for purposes of § 1983 merely by virtue of their being paid by a governmental entity or being part of a state funded judicial system."); *see also Koulkina v. City of New York*, 559 F. Supp. 2d 300, 320 (S.D.N.Y. 2008) (noting that a paralegal for a private attorney is not a state actor). Accordingly, Calhoun's federal claims against the Defendants will be dismissed.

**B.    State Law Claims**

To the extent Calhoun seeks to assert any state law claims, she has not pled an independent basis for the Court's jurisdiction over those claims.[2] District courts may exercise

---

[2] Because the Court has dismissed Calhoun's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  It is the plaintiff's burden to establish diversity of citizenship.  *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

    Calhoun alleges that the citizenship of the parties is Pennsylvania, and it does not appear that the amount in controversy has been met.[3]  (Doc. No. 2 at 2–5.)  Calhoun has thus failed to meet her burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims she may be raising.  *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing

---

[3] According to the Complaint, Calhoun seeks payment in the amount of $5,700.00 to her landlord. (Doc. No. 2 at 5.)

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).  So, any state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Calhoun leave to proceed *in forma pauperis* and dismiss the Complaint.  All federal claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Calhoun will not be given leave to amend these claims as the Court concludes that amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  Any state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.  Additionally, the Court will deny Calhoun's Motion for Emergency Hearing.  An appropriate order follows.